IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JOSEPH ANTHONY CASTELLANO,<br><br>                 Plaintiff,<br>v.<br><br>QUINN JAY ADAMSON,<br>                 Defendant. | MEMORANDUM DECISION AND ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL WITHOUT PREJUDICE and GRANTING MOTION FOR SERVICE OF PROCESS<br><br>Case No. 2:14-cv-615<br><br>District Judge Dee Benson<br><br>Magistrate Judge Brooke Wells |

*Pro se* Plaintiff Joseph A. Castellano ("Plaintiff"), proceeding *in forma pauperis*[1] filed his Complaint in this case on August 28, 2014.[2] On September 10, 2014, District Judge Dee Benson referred this case to Magistrate Judge Brooke C. Wells pursuant to 28 U.S.C. § 636(b)(1)(B).[3] Before the Court is Plaintiff's Motion for Service of Process[4] and Motion to Appoint Counsel.[5]

The Court has carefully reviewed these Motions and for the reasons set forth more fully below, **DENIES WITHOUT PREJUDICE** Plaintiff's Motion to Appoint Counsel and **GRANTS** Plaintiff's Motion for Service of Process.

## ANALYSIS

Plaintiff brings this case against Quinn Jay Adamson who Plaintiff alleges is a Detective with the American Fork Police Department. Plaintiff alleges his civil rights were violated when

---

[1] Docket no. 2.
[2] Docket no. 3.
[3] Docket no. 7.
[4] Docket no. 4.
[5] Docket no. 5.

Defendant Adamson "deprived Plaintiff of liberty and pursuit of happiness by arresting and removing plaintiff from his place of work without necessary documents."[6]

### A. Motion to Appoint Counsel

Generally, as a civil litigant, Plaintiff has no constitutional right to counsel.[7] 28 U.S.C. § 1915, which pertains to proceedings *in forma pauperis* ("IFP Statute"), provides "[t]he court may request an attorney to represent any person unable to afford counsel."[8] However, the appointment of counsel under this statute is within the discretion of the court.[9] "The burden is upon the applicant requesting counsel to convince the court that there is sufficient merit to his [or her] claim to warrant the appointment of counsel."[10] When deciding whether to appoint counsel, a court should consider a variety of factors, "including 'the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his [or her] claims, and the complexity of the legal issues raised by those claims.'"[11]

At the outset, the Court notes Plaintiff's motion does not provide any reasons as to why this Court should appoint counsel in this case. However, in undertaking the analysis of the foregoing factors with regard to appointment of counsel under the IFP Statute, the Court is mindful that Plaintiff is proceeding *pro se* and that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[12]

---

[6] Complaint, docket no. 3 at p. 4.
[7] See Durre v. Dempsey, 869 F.2d 543, 547 (10th Cir. 1989)(citing Bethea v. Crouse, 417 F.2d 504, 505 (10th Cir. 1969)).
[8] 28 U.S.C. § 1915(e)(1).
[9] See McCarthy v. Weinberg, 753 F.2d 836, 838 (10th Cir. 1985).
[10] Id. (citing U.S. v. Masters, 484 F.2d 1251, 1253 (10th Cir. 1973).
[11] Rucks v. Boergermann, 57 F.3d 978, 979 (10th Cir. 1995)(quoting Williams v. Meese, 926 F.2d 994, 996 (10th Cir. 1991).
[12] Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991)(internal citations omitted); see also Ledbetter 318 F.3d 1183, 1187 (10th Cir. 2003).

In considering the foregoing factors, including the nature of the factual issues presented in Plaintiff's Complaint, the Court concludes for purposes of proceeding at this preliminary juncture, Plaintiff has presented an adequate legal and factual basis to persuade the Court that Plaintiff's claims are plausible and rise above the speculative level.[13] However, the factual issues contained in Plaintiff's Complaint are not overly complex. Although Plaintiff claims to have "suffered mental anguish with constant fear of defendant entering my place of work and/or home," the Court does not find Plaintiff to be incapacitated or unable to adequately pursue this matter at this stage in the litigation. Therefore, on balance, the Court finds Plaintiff has not persuaded the Court that counsel is required at this time and DENIES Plaintiff's Motion for Appointment of Counsel.

### B. Motion for Service of Process

When a case is proceeding under the IFP statute, the officers of the Court are required to issue and serve all process and perform all duties related to service of process.[14] Based upon a review of the Complaint, and the Court's finding that the Complaint has presented a plausible cause of action, the Court concludes that official service of process is warranted and GRANTS Plaintiff's Motion.

### CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED:

1) Plaintiff's Motion to Appoint Counsel[15] is **DENIED** *without prejudice*. However, if, after the case develops further, it appears that counsel may be needed, without further prompting from Plaintiff, the Court will ask an attorney to appear pro bono on Plaintiff's behalf. No further motions for appointed counsel shall be accepted by the Court.

---

[13] See Kay v. Bemis, 500 F.3d 1214, 1217-18 (10th Cir. 2007)(internal citations omitted).
[14] See 28 U.S.C.§ 1915(d).
[15] Docket no. 5.

2) Plaintiff's Motion for Service of Process is **GRANTED.**  Pursuant to 28 U.S.C. § 1915(d), "the officers of the court shall issue and serve all process" in this case.

3) The United States Marshal serve shall serve a copy of the Complaint and Summons upon the following defendant(s):

>Detective Quinn Jay Adamson
>American Fork Police Department
>75 East 80 North
>American Fork, UT 84003

DATED this 1 October 2014.

_____
Brooke C. Wells
United States Magistrate Judge

4